IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Louis Crosby, ) | |
| ) | |
| Plaintiff, ) | C/A No. 5:11-874-TMC |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on June 12, 2012, recommending that the decision of the Commissioner of Social Security ("the Commissioner") be affirmed. (Dkt. # 27).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a

district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The parties were notified of their right to file objections. (Dkt. # 27-1). Objections were due by June 29, 2012. However, Plaintiff did not file objections until July 2, 2012. (Dkt. # 30). Plaintiff did not file objections to the Report within the required time for doing so nor did he seek leave of the court to file untimely objections. Accordingly, the court reviews the Report "only [to] satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (quoting Fed.R.Civ.P. 72, advisory committee's note).[1] After a thorough and careful review of the record, the court finds no clear error and adopts the Report of the Magistrate Judge and incorporates it herein by reference. Accordingly, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 2, 2012

---

[1] The court also notes that Plaintiff was untimely in filing his brief in this action. It was due September 22, 2011, (Dkt. # 11), and Plaintiff did not file it until October 6, 2011. (Dkt. # 13).